**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| LEROY KEATON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs | : | 1: 02-CV-106-2 (WLS) |
| | : | |
| RAYMOND CURRY, individually and in his capacity as an officer of the Albany Police Department, TONI MAZZA, individually and in her capacity as an officer of the Albany Police Department, and the City of Albany, Georgia a municipal corporation, | : : : : : : : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**ORDER**

Presently pending before the Court on remand from the United States Court of Appeals for the Eleventh Circuit for reconsideration of the Court's denial of Defendants' state law defense of official capacity immunity. (Doc. No. 27). For the reasons stated below, Defendants' motion for summary judgment as to Defendant-Corporal and Defendant-trainee (Doc. No. 10) is **GRANTED.**

**II.     DISCUSSION**

    **A.     Official Immunity Legal Standard**

.     The doctrine of official immunity, also known as state law qualified immunity, affords limited protection to public officers sued personally. Gilbert v. Richardson, 264 Ga. 744, 752-53 (1994); Teston v. Collins, 217 Ga. App. 829, 830 (1995). Official immunity "protects individual public agents from personal liability for discretionary actions taken within the scope of their official authority, and done without wilfulness, malice or corruption." Teston v. Collins, 217 Ga.

1

App. at 830.  Absent evidence of malice, willfulness, or corruption, a police officer is afforded immunity from liability to those who may be injured by the exercise of his discretion in the performance of his official duties. GA. CONST. ART. I, § II, ¶ IX.  "Actual malice" means a deliberate intent to do wrong.  Merrow v. Hawkins, 266 Ga. 390 (1996). Whether a duty is a ministerial or discretionary act turns on the character of the specific act itself. Schmidt v. Adams, 211 Ga.App. 156, 157 (1993).  Unlike a ministerial act, a discretionary act "calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed." Miree v. United States, 490 F.Supp. 768, 774 (N.D.Ga. 1980).

The decision to effectuate a warrantless arrest generally is a discretionary act requiring personal deliberation and judgment on the part of the public officer.  *See* Outlaw v. Nasworthy, 250 Ga.App. 362, 364 (2001).  A public officer is entitled to official immunity for discretionary acts taken during the course and scope of his employment even when such acts amounts to gross negligence. Bouye v. Marshall, 102 F.Supp.2d 1357, 1364 (N.D. Ga. 2000)(*citing* Hennessy v. Webb, 245 Ga. 329, 331 (1980)).  And even when the arresting public officer makes a mistake and the arrest was inappropriate, official immunity may still apply. *See* Woodward v. Gray, 241 Ga. App. 847, 851-52 (2000). If the relevant facts are not in dispute, whether or not official immunity should be granted is a matter of law.  Carter v. Glenn, 249 Ga.App. 414, 417 (2001).

**B.     Legal Analysis**

In the instant action, it is undisputed that both Defendant-Corporal and Defendant-trainee were acting within the course and scope of their employment in their official capacities as public officers.  To avoid summary judgment, Plaintiff has to offer some evidence that Defendant-Corporal and Defendant-trainee acted with actual malice or deliberate intent to injure Plaintiff.

The evidence shows, and the parties do not disagree, that Plaintiff was arrested under O.C.G.A. § 16-8-60 a crime he could not have committed because this particular code section has an exclusion for personal use. (Doc. No. 18, Curry Tr., 21:10-18).

Specifically, the statute with which Plaintiff was arrested is entitled "Criminal Reproduction and Sale of Recorded Material" and reads, in pertinent part:

> "It is unlawful for any person, firm, partnership, corporation, or association to sell; distribute; circulate; offer for sale, distribution, or circulation; or possess for the purposes of sale, distribution, or circulation any phonograph record, disc, wire, tape, videotape, film, or other article on which sounds or visual images have been transferred unless such phonograph record, disc, wire, tape, videotape, film, or other article bears the actual name and address of the transferor of the sounds or visual images in a prominent place on its outside face or package."

O.C.G.A. § 16-8-60(b). However, the very next sub-part contains an expressed personal use exclusion which reads, in pertinent part:

> "This Code section does not apply to any person who transfers or causes to be transferred any such sounds or visual images . . . [s]olely for the personal use of the person transferring or causing the transfer and without any profit being derived by the person from the transfer.."

O.C.G.A. § 16-8-60(c)(3).

The evidence further shows that Defendant-Corporal misadvised Plaintiff of the charge for which he was being arrested and had never arrested a person under this code section before. Defendant-Corporal advised Plaintiff that he was under arrest for "Possession of Unlawfully Reproduced Recorded Material." (Doc. No. 18, Curry Tr., 21:14-16). Defendant-Corporal clearly misread the code section. This misreading, coupled with Defendant-Corporal's sworn deposition testimony that he had never charged anyone with this offense before Plaintiff (*See* Doc. No. 18, Curry Tr., 23:14-16), strongly suggests to the Court that Defendant-Corporal's discretionary

3

actions were, at the least negligent, if not, grossly negligent.[1]  And although this Court believes that the evidence presents a genuine issue of material fact as to whether Defendant-Corporate deliberately intended to arrest Plaintiff, since he charged Plaintiff with a non-existent crime, i.e., "Possession of Unlawfully Reproduced Recorded Material," and so advised Plaintiff of his rights based on this clearly-erroneous charge, it has been determined as a matter of law that Plaintiff's detention and arrest was supported by arguable probable cause.  Therefore, Defendant-Corporal's discretionary actions leading to Plaintiff's arrest, although "misguided," are insufficient to show evidence of actual malice.  *See* Todd v. Kelly, 244 Ga.App. 404, 407 (2000). As a mater of Georgia law, Defendant-Corporal and Defendant-trainee are protected by their official immunity as public officers and are entitled to summary judgment on all of Plaintiff's state law claims of unlawful arrest and unlawful search and seizure.  Accordingly, Defendants' motion for summary judgment on official immunity grounds as to Defendant-Corporal and Defendant-trainee (Doc. No. 10) is **GRANTED.**

### III.    CONCLUSION

Defendants' motion for summary judgment as to Defendant-Corporal and Defendant-trainee (Doc. No. 10) should be, and hereby is, **GRANTED.**

SO ORDERED, this 29th day of April, 2005.

    /s/W. Louis Sands
**W. LOUIS SANDS, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] Defendant-trainee's sworn deposition testimony is worth a footnote as she gave a blanket "I don't recall" in her deposition to every question relevant to the facts before and after the stop.